## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN J. HAYES,** | : |
| | : |
| **Plaintiff** | CIVIL ACTION NO. 3:14-CV-0714 |
| | : |
| v. | |
| | : (JUDGE MANNION) |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY, et al.,** | : |
| **Defendant**s | : |

## MEMORANDUM

**I. BACKGROUND**

On March 17, 2015, the court issued a memorandum and an order that directed as follows:

**(1)** Plaintiff's motion to remand, (Doc. 6), is **DENIED**.

**(2)** Reliance's motion to dismiss, (Doc. 4), plaintiff's complaint, (Doc. 1), is **GRANTED** and plaintiff's complaint is **DISMISSED**.

**(3)** The Clerk of court is directed to close this case.

(Docs. 44, and 45). *See* Hayes v. Reliance Standard Life Ins. Co., 2015 WL 1219277 (M.D.Pa. March 17, 2015).

Defendant JRG Advisors LLC ("JRG") was not a party to defendant Reliance's motion to dismiss the case and filed an answer to the complaint. (Doc. 20). JRG was the broker for the insurance policies which plaintiff purchased, and defendant Reliance was the issuer/underwriter of these policies. Plaintiff submitted an application for benefits to JRG. Plaintiff raised

two state law claims in his complaint against JRG, namely, negligence and detrimental reliance, Counts III and IV. Plaintiff alleged that defendant, JRG was careless and negligent as follows:

a. Failing to properly investigate the insurability of Plaintiff;

b. Failing to confirm the correct policy under which Plaintiff could be insured;

c. Failing to properly perform the underwriting process for Plaintiff's application;

d. Failing to properly interpret Plaintiff's employment status;

e. Failing to question Plaintiff's employment status prior to accepting Plaintiff's application for insurance;

f. Failing to gather sufficient information regarding Plaintiff's employment status; and

g. Failing to perform an independent investigation of Plaintiff's employment status and his insurability.

Plaintiff alleged that JRG is liable to him due to it being reasonably foreseeable and/or expected that JRG's acceptance of his application would induce him to cease his search for alternative insurance products. As a direct and proximate result of JRG's carelessness, plaintiff avers that he was induced to cease his search for alternative insurance products and as a result has suffered a severe economic loss. As a direct and proximate result of JRG's carelessness, plaintiff avers that he is now without long-term disability

benefits.

In his detrimental reliance claim against JRG, plaintiff alleged:

36. JRG is liable to Plaintiff due to plaintiffs' detrimental reliance on the representations made by JRG as to the insurability of Plaintiff.

37. JRG is liable to Plaintiff due to it being reasonably foreseeable and/or expected that JRG's representations would induce action or forbearance by Plaintiff.

38. JRG is liable to Plaintiff due to plaintiff actually having taken action by foregoing a search for alternative insurance products in reasonable reliance upon the representations made by JRG.

39. An injustice to Plaintiff, in suffering a substantial financial loss, can only be avoided by compensating Plaintiff for his loss.

40. Plaintiff is seeking compensation for the loss of LTD benefits as a direct and proximate result of JRG's representations.

On March 19, 2015, plaintiff and JRG filed a Stipulation to amend the March 17, 2015 Order to reopen the case for the limited purpose of remanding plaintiff's two remaining state law claims, only, against JRG to state court. (Doc. 46).

## II. DISCUSSION

In Ferguson Elec. Co., Inc. v. Foley, 115 F.3d 237, 240 (3d Cir. 1997), the Third Circuit stated that "ERISA preempts 'any and all State laws insofar

3

as they may now or hereafter relate to any employee benefit plan... .'" 29 U.S.C. §1144(a). State law claims such as negligent infliction of emotional, psychological, physical and financial harm would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA governed benefits plan. *See* Ludwig v. Carpenters Health & Welfare Fund of Philadelphia and Vicinity, 383 Fed.Appx. 224 (3d Cir. 2010) (citing Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir.1989)). In *Ludwig*, the Third Circuit held that the district court properly determined that the state law claims of negligent infliction of emotional, psychological, physical and financial harm against the defendant Carpenters Health & Welfare Fund regarding its COBRA coverage related to an ERISA governed benefit plan and were preempted by ERISA. Therefore, if state law claims relate to a qualified ERISA governed plan, the district court should find that they are preempted by the provisions of ERISA.

The district court in *Ludwig*, 2009 WL 3014939, *7 (E.D.Pa. September 18, 2009), stated as follows regarding its plaintiff's state law negligence claims:

> The plaintiff claims that because of her loss of COBRA and the failure to get her disbursement immediately, the plaintiff has suffered physical, emotional, and financial harm and requests $900,000 in "restitution." The defendants assert that these claims are preempted by ERISA, which eliminates state law actions for breach of contract and improper processing of a claim for benefits. ERISA expressly states that it "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). Because the

4

plaintiff's state law claims of emotional, psychological, physical, and financial distress are inextricably linked to the Funds' COBRA coverage and disbursement, the claims are preempted. Pane v. RCA Corp., 868 F.2d 631, 635 (3rd Cir.1989) (finding state law emotional distress claims preempted under ERISA because the claims arose out of benefits plan administration). The Court grants summary judgment on the plaintiff's state law claims.

The court finds that the plaintiff's allegations in his two claims against JRG are not related to the PBA members Plan coverage or benefits as that is defined under ERISA. As stated, JRG was only the broker for the LTD policy which plaintiff purchased, and defendant Reliance was the issuer/underwriter of this policy. Unlike the *Ludwig* case in which its plaintiff's state law claims of emotional, psychological, physical, and financial distress were related to the defendant Fund's COBRA coverage and disbursement, plaintiff Hayes' claims against JRG are not inextricably related to benefits or coverage under the LTD policy. Only plaintiff's claims against defendant Reliance are related to benefits or coverage under the LTD policy which was part of the PBA members Plan so as to be preempted by ERISA.

Since plaintiff's state law claims against JRG are not preempted by ERISA and since plaintiff's federal claims over which this court has original jurisdiction have been dismissed, the court will decline to exercise supplemental jurisdiction over the remaining state law claims against JRG. 28 U.S.C. §1367(c)(3); *Verdecchia v. Prozan,* 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

## III.  CONCLUSION

The court approves of the Stipulation to amend the March 17, 2015 Order filed by plaintiff and JRG to reopen the case and to remand plaintiff's two remaining state law claims against JRG to state court. (Doc. 46). An appropriate amended order will follow.

                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Date: March 23, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0714-02.wpd